Mr. Vincent Tilford, President Arkansas Development Finance Authority 100 Main Street. Suite 200 Little Rock. Arkansas 72203-8023
Dear Mr. Tilford:
This is in response to your request for an opinion regarding the "Mortgage Loan Company and Loan Broker Act." A.C.A. §§ 23-39-101
to -405 (Repl. 1994). and the applicability of its provisions to the Arkansas Development Finance Authority ("ADFA"). With respect to the act, you have asked for an opinion on the following questions:
 1. Does the Arkansas Development Finance Authority's enabling legislation exempt it from the Mortgage Loan Company and Loan Broker Act entirely, or is the Authority exempt from the act only as stated in A.C.A. § 23-39-306?
 2. If ADFA is not exempt from the Mortgage Loan Company and Loan Broker Act, what are its obligations under the act?
 3. Would ADFA's sub-grantees be considered separate entities or would ADFA's exemption cover them as "affiliates" under A.C.A. § 23-39-102?
With respect to your first question, I assume that you are referring generally to A.C.A. § 15-5-101 et seq. (1987 and Cum. Supp. 1993) when you refer to ADFA's "enabling legislation." The Arkansas Development Finance Authority was created in 1985 pursuant to the "Arkansas Development Finance Authority Act" (see A.C.A. § 15-5-201 (1987)) in order to provide a source of public financing (through the issuance of revenue bonds) for qualified agricultural businesses and industrial enterprises, residential housing, energy enterprises and facilities, health care facilities, capital improvement facilities, and educational facilities. See A.C.A. § 15-5-102(d) (Cum. Supp. 1993). Seealso the "Arkansas Development Finance Authority Bond Guaranty Act of 1985," A.C.A. § 15-5-401 et seq. (1987 and Cum. Supp. 1993) (establishing a bond guaranty procedure to be administered by ADFA for the purpose of financing the foregoing projects). Since the creation of ADFA in 1985, the Authority has been given additional powers pursuant to the "Arkansas Development Finance Authority Small Business Act of 1989," A.C.A. § 15-5-701 etseq. (Cum. Supp. 1993) and the "Arkansas Capital Access Program for Small Business Act of 1993." A.C.A. § 15-5-1101 et seq.
(Cum. Supp. 1993). It is my opinion, after a review of the foregoing legislation. that ADFA is not exempt from the entire Mortgage Loan Company and Loan Broker Act. A.C.A. § 23-39-101et seq.; rather the Authority is exempt only from the registration, bond, and net worth requirements in the act pursuant to A.C.A. § 23-39-306(a)(8).[1]
Under the Mortgage Loan Company and Loan Broker Act. A.C.A. §23-39-101 et seq., the state Securities Commissioner is charged with certain supervisory responsibilities with respect to "mortgage loan companies" and "loan brokers" doing business in the State of Arkansas. See A.C.A. § 23-39-201. These entities must comply with the requirements prescribed in the act. My determination that ADFA is generally subject to the act, except as exempted in A.C.A. § 23-39-306(a)(8), is based upon the definition of the term "mortgage loan companies," as appears in A.C.A. § 23-39-102(5) and which states in pertinent part:
 (A) "Mortgage loan company" means any person who directly or indirectly:
* * * *
 (iii) Holds himself out as being able to make, purchase, place, sell, or exchange loans secured by liens or mortgages on real property;
 (iv) Holds himself out as being able to service loans secured by liens or mortgages on real property: or
(v) Holds himself out to be a loan broker.
 (B) "Mortgage loan company" shall not mean any person who obtains, makes, purchases, places, sells, exchanges, or services, in the aggregate, fewer than six (6) loans secured by liens or mortgages on real property within any ten-year period.
Since the powers granted to ADFA include the right to "purchase notes or participations in notes evidencing loans which are secured by mortgages or security interests and to enter into contracts in that regard, or to purchase accounts to finance working capital" (see A.C.A. § 15-5-207(b)(11) (Cum. Supp. 1993)), it is my opinion that ADFA generally qualifies as a "mortgage loan company" under A.C.A. § 23-39-102(5)(A)(iii), as set forth above. Accordingly, it is my opinion that ADFA is subject to the Mortgage Loan Company and Loan Broker Act, except as exempted by A.C.A. § 23-39-306(a)(8). which provides that agencies, divisions, or corporate instrumentalities of the state are not required to comply with the act's requirements relating to registration, bond, and net worth.[2]
In response to your second question, it is my opinion that ADFA must comply with all of the provisions of the Mortgage Loan Company and Loan Broker Act, except for those provisions relating to registration, bond, and net worth, as generally appear in A.C.A. §§ 23-39-301 to -305 25-39-307 to -308. For example, as a "mortgage loan company," ADFA would be required to make and keep "any accounts, correspondence, memoranda, papers, books, data, and other records" which the Securities Commissioner by rule prescribes. See A.C.A. § 23-39-204(a). Additionally, "mortgage loan companies" under the act are required to file such financial reports as the Commissioner prescribes (see A.C.A. § 23-39-204(b)), and "[a]ll moneys paid to the mortgage loan company for payment of taxes or insurance premiums on property which secures any loan made or serviced by the mortgage loan company" are required to be deposited in accounts which are insured by one of the various entities described in A.C.A. § 23-39-309(a)(1) and to be kept separate, distinct, and apart from funds belonging to the mortgage loan company. A.C.A. § 23-39-309(a)(1). The aforementioned funds, when deposited, are to be designated as an "escrow account," and mortgage loan companies are required, upon reasonable notice, to account to the Securities Commissioner for all funds in such accounts. A.C.A. §§ 23-39-309(a)(2) (c). As it is not possible within the scope of this opinion to define all of the responsibilities of ADFA under the Mortgage Loan Company and Loan Broker Act, ADFA should make reference to the other provisions of the act, in addition to those set forth above.
In response to your third question. I assume that you are inquiring as to whether ADFA's "sub-grantees" would be exempted from the registration, bond, and net worth requirements pursuant to A.C.A. § 23-39-306(a)(8). the provision under which ADFA is exempt from those requirements. Section 23-39-306(a)(8) exempts "[t]he United States, the State of Arkansas or any other state, any Arkansas city, county, or other political subdivision, and any agency, division, or corporate instrumentality of any of the foregoing" from the registration, bond, and net worth requirements prescribed in the Mortgage Loan Company and Loan Broker Act. The term "affiliates." to which you refer in your question and which is defined in A.C.A. § 23-39-102(1) as "any person who, directly or indirectly through one (1) or more intermediaries, controls, or is controlled by, or is under common control with, another person." does not, however, appear in A.C.A. § 23-39-306(a)(8). Thus, to answer your specific question. ADFA's exemption under § 23-39-306(a)(8) would presumably not cover ADFA's "sub-grantees." Of course. if ADFA's "sub-grantees" are not "mortgage loan companies" or "loan brokers" within the meaning of the Mortgage Loan Company and Loan Broker Act, those entities would not be subject to the act in any event.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] My review of the statutes regarding ADFA reveals that there is only one statute which specifically exempts ADFA from the requirements of other state laws. In this regard. A.C.A. §15-5-104(c) (1987) provides that ADFA need not comply with the requirements of any other state laws regarding the issuance of bonds, notes, and other obligations besides those contained in A.C.A. §§ 15-5-101 to -316. Under that statute, it is also unnecessary for ADFA to comply with general provisions of other laws dealing with public facilities, their acquisition, construction, leasing, encumbering, or disposition. I have not, however, found any specific provisions in ADFA's statutes exempting it from a statute such as the Mortgage Loan Company and Loan Broker Act.
[2] The Mortgage Loan Company and Loan Broker Act. A.C.A. §23-39-101 et seq., in fact, seems to contemplate that state agencies will be subject to its provisions, as the act provides that the Securities Commissioner may cooperate with any agency of the state in accepting their examinations of records required to be kept by the Commissioner in lieu of an examination performed by the Commissioner. See A.C.A. § 23-39-204(c)(3).